IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACLYN RHOADS and WILLIAM RHOADS, JR., as Administrators of the Estate of ISABELLA RHOADS, a Minor, Deceased, and JACLYN RHOADS and WILLIAM RHOADS, JR., Individually and in Their Own Right,<br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE A.I. DUPONT HOSPITAL FOR CHILDREN OF THE NEMOURS FOUNDATION, THE NEMOURS FOUNDATION, WILLIAM I. NORWOOD, M.D., Ph.D., CHRISTIAN PIZARRO, M.D., JOHN MURPHY, M.D., KENNETH MURDISON, M.D., RUSSELL RAPHAELY, M.D., AND ELLEN SPURRIER, M.D.,<br><br>　　　　　　　　Defendants. | : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br><br><br>NO. 05-5496 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **MAY 22, 2006**

　　　　Plaintiffs William Rhoads, Jr. and Jaclyn Rhoads ("Plaintiffs") were the parents of

Isabella Rhoads.  Isabella Rhoads was born with a serious heart condition and died less than a

year later.  She was treated for her condition at the A.I. DuPont Hospital for Children ("DuPont

Hospital").  After her death, Plaintiffs filed suit against DuPont Hospital, the Nemours

Foundation, and various doctors (collectively "Defendants").  Plaintiffs' Complaint alleges

various claims including fraud, conspiracy, wrongful death, and negligence.  The Complaint also

includes a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2005).  Presently before

this Court is Defendants' Motion for Partial Summary Judgment on the Rehabilitation Act claim. For the following reasons, Defendants' Motion for Partial Summary Judgment is granted.

**I.     BACKGROUND**

Plaintiffs' daughter, Isabella Rhoads, was born on May 18, 2003. She was diagnosed prenatally with Hypoplastic Left Heart Syndrome ("HLHS") and was referred to DuPont Hospital for evaluation. DuPont Hospital diagnosed her with congenital heart defects and she was treated at the Nemours Cardiac Center ("Cardiac Center"), which is a department within DuPont Hospital that specializes in pediatric cardiothoracic surgery. As a result of the diagnosis, Defendant Dr. William Norwood, Director of the Cardiac Center, performed surgery on her on May 20, 2003, to correct these defects. On October 24, 2003, Dr. Norwood performed another surgery. Isabella died on January 6, 2004.

On October 21, 2005, Plaintiffs filed suit against Defendants alleging that their conduct resulted in Isabella's death. Plaintiffs raise various state law claims against all Defendants. Plaintiffs also raise a claim against all Defendants, except Dr. Kenneth Murdison, under the Rehabilitation Act of 1973. Plaintiffs argue that the Rehabilitation Act was violated because Defendants "did not take appropriate actions to protect and provide for the safety of the Cardiac Center patients as they did for children in other areas of the Hospital" and that Defendants "violated this child's rights by subjecting [her] to a scheme of care and management which existed only in the Cardiac Center." (Rhoads' Resp. to Mot. for Partial Summ. J., at 3).

Defendants DuPont Hospital and the Nemours Foundation filed a Motion for Partial Summary Judgment on the Rehabilitation Act claim. The individual doctor defendants also filed a Motion for Partial Summary Judgment joining and incorporating the motion filed by Dupont

Hospital and the Nemours Foundation. In Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment, they agree to dismiss all claims under the Rehabilitation Act as to the individual defendants except Dr. Norwood. Plaintiffs continue to pursue their Rehabilitation Act claims only against DuPont Hospital, the Nemours Foundation, and Dr. Norwood.

## II.   STANDARD OF REVIEW

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and 'the moving party is entitled to judgment as a matter of law.'" Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991)(citations omitted). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party carries the initial burden of demonstrating the absence of any genuine issues of material fact. Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d Cir. 1992).[1] Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that demonstrates that there is a genuine issue of fact for trial. See id. at 1362-63. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[1] "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998)(citations omitted).

### III. DISCUSSION

Plaintiffs argue that the Defendants violated the Rehabilitation Act because the scheme of care and management at the Cardiac Center failed to properly protect its patients. This allegedly deficient scheme of care and management only existed in the Cardiac Center and not in other departments of the DuPont Hospital. Plaintiffs contend that this difference in standards between the Cardiac Center and the rest of the hospital resulted in discrimination against those patients with heart conditions, such as Isabella.

Defendants argue that Plaintiffs have failed to present any evidence that support a claim under the Rehabilitation Act and that Defendants are thus, entitled to judgment as a matter of law on that claim. Specifically, Defendants argue that the Rehabilitation Act claim fails because Isabella was not denied access to any treatment solely by reason of her disability; Isabella was not excluded from any program for which she was "otherwise qualified," and moreover, the Rehabilitation Act does not apply to medical treatment decisions.

Section 504, of the Rehabilitation Act of 1973, 29 U.S.C. § 794, states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (2005). To establish a claim under the Rehabilitation Act, a plaintiff must show that: (1) he or she is a "handicapped individual" under the Act; (2) he or she is "otherwise qualified" for the position sought; (3) he or she was excluded from the position sought, denied the benefits of, or subjected to discrimination under the program or activity "solely by reason of his handicap," and (4) the program received federal financial assistance. Wagner v. Fair Acres

Geriatric Center, 49 F.3d 1002, 1009 (3d. Cir. 1995); Nathanson v. Medical College of PA, 926 F.2d 1368, 1380 (3d. Cir. 1991).

To establish a claim under the Rehabilitation Act, Plaintiffs must prove that their disabled child, Isabella, was excluded from, denied the benefits of, or subject to discrimination by the DuPont Hospital because of her disability. Wagner, 49 F.3d at 1009. Here, there is no dispute that Isabella was a handicapped individual under the Rehabilitation Act and that the DuPont Hospital receives federal financial assistance. While there is no evidence of Isabella being excluded from or denied access to the DuPont Hospital because she was duly admitted and treated there, Plaintiffs rather base their Rehabilitation Act claim on discrimination. They argue that Isabella was discriminated against because the scheme of care and management at the Cardiac Center was not of the same standards as the rest of the DuPont Hospital. Their argument follows that disabled patients with heart conditions who are placed in the Cardiac Center receive treatment under lower standards than patients in other departments of the hospital and this disparity amounts to discrimination based on the disability of having heart conditions.

Whether the Cardiac Center's policies, procedures, standards, and management were deficient or negligent is irrelevant to Isabella's discrimination claim. There is no evidence that Isabella was discriminated against because of her disability. There is no evidence to indicate that the Cardiac Center established its allegedly deficient standards instead of operating under the standards of the rest of the hospital for the purpose of discriminating against those with heart conditions. Rather, Plaintiffs themselves allege that the Cardiac Center's policies and management were set up for the purpose of avoiding oversight and control by DuPont. (Rhoads' Resp. to Mot. for Partial Summ. J., at 3). These objectives have nothing to do with

5

discrimination.

Plaintiffs have failed to provide any evidence and failed to raise a genuine issue of material fact as to whether Isabella was excluded from, denied the benefits of, or discriminated by the DuPont Hospital because of her disability. Accordingly, Defendants are entitled to judgment as a matter of law on the Rehabilitation Act claim.[2]

An appropriate Order follows.

---

[2] It is unnecessary to address the legal and underlying factual issues pertaining to Defendant's other two arguments because Plaintiffs have failed to establish a Rehabilitation Act claim for the reasons stated above. Defendants argue that the Rehabilitation Act does not apply to medical treatment decisions. See U.S. v. Univ. Hosp., 729 F.2d 144, 156-57 (2d. Cir. 1984) (stating that Congress never intended § 504 to apply to medical treatment decisions). Defendants also argue that Isabella was not excluded from any program in which she was "otherwise qualified" because the Cardiac Center was the only department at DuPont Hospital where she could be treated. According to Defendants, no other department of the hospital could treat complex congenital heart condition and there is no reasonable accommodation that would have enabled her to be treated in any other hospital department. See Strathie v. Dept. of Transp., 716 F.2d 227, 231 (3d. Cir. 1993) (stating that accommodation of program is not necessary if it would require "a modification of the essential nature of the program, or impose an undue burden on the recipient of federal funds").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACLYN RHOADS and WILLIAM RHOADS, JR., as Administrators of the Estate of ISABELLA RHOADS, a Minor, Deceased, and JACLYN RHOADS and WILLIAM RHOADS, JR., Individually and in Their Own Right, | : : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 05-5496 |
| THE A.I. DUPONT HOSPITAL FOR CHILDREN OF THE NEMOURS FOUNDATION, THE NEMOURS FOUNDATION, WILLIAM I. NORWOOD, M.D., Ph.D., CHRISTIAN PIZARRO, M.D., JOHN MURPHY, M.D., KENNETH MURDISON, M.D., RUSSELL RAPHAELY, M.D., AND ELLEN SPURRIER, M.D., | : : : : : : : : : : | |
| Defendants. | : : | |

**O R D E R**

**AND NOW** this 22nd day of May, 2006, upon consideration of the Motion for Partial Summary Judgment of Defendants, and the Responses and Replies thereto, it is hereby **ORDERED** that the Defendants' Motion for Partial Summary Judgment (Doc. No. 25) is **GRANTED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,       Sr. J.